Mark R. Thierman Cal SB# 72913
**THIERMAN LAW FIRM**
7287 Lakeside Drive
Reno, Nevada 89511
Tel: (775) 284-1500

H. Tim Hoffman SB# 49141
Arthur Lazear SB# 83603
**HOFFMAN & LAZEAR**
180 Grand Street, Suite # 1550
Oakland, CA 94612
Tel: (510) 763-5700

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LILIANA SOLIS, on behalf of herself, the general public and as an "aggrieved employee" under the California Labor Code Private Attorneys General Act,** )<br>)<br>)<br>)<br>) | Case No.: C 05-03039 CRB |
| | CLASS, REPRESENTATIVE AND PRIVATE ATTORNEY GENERAL ACTION |
| **Plaintiff,** )<br>v. ) | PLAINTIFF'S SECOND AMENDED COMPLAINT FOR OVERTIME COMPENSATION, FOR FAILING TO |
| **THE REGIS CORPORATION and each of their subsidiaries doing business in California under such names as Supercuts, Pro-Cuts, MasterCuts, CostCutters, Regis Salons, Trade Secret, SmartStyle, Carlton Hair International, Mia & Maxx Hair Studio, Hair Crafters, Great Expectations, We Care Hair, HairMasters, Vidal Sassoon, and Blaine Beauty School, and DOES 1-50,** )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | PROVIDE REST PERIODS REQUIRED BY THE WAGE ORDERS OF THE INDUSTRIAL WAGE COMMISSION, FOR CHECKS ISSUED BY AN OUT OF STATE BANK FOR PRESENTATION AT NO COST, AND PENALTIES PURSUANT TO THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004 FOR ALL AGGRIEVED EMPLOYEES CAL. BUS. & PROF. CODE § 17200 and CAL. LAB. CODE §§1194, 1198, 203, 212, 226.7, 351, 558 and 2699 and § 12 of the Order 9 of |
| **Defendants.** )<br>) | the Industrial Wage Commission |

Comes now Plaintiff Liliana Solis ("Plaintiff") on behalf of herself, all others similarly

situated, the general public and all aggrieved employees and alleges:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over the claims alleged herein pursuant to CAL. BUS. & PROF. CODE § 17200, CAL. LAB. CODE §§ 1194, 1198, 212, 226.7, 351, 558 and 2699 and § 12 of the Order 9 of the Industrial Wage Commission.

2.  Venue is proper in this Court because the California Code of Civil Procedure sets forth that if an out of state corporation does not declare its principal place of business in California with the secretary of corporations, then it is subject to venue anywhere the plaintiff desires.

3.  Pursuant to California Labor Code § 2699.3(a)(1), Plaintiff has notified the California Labor & Workforce Development Agency, by certified mail, of the of the allegations contained in this complaint and the California Labor & Workforce Development Agency has declined to investigate the allegations contained herein.

## PARTIES AND BACKGROUND

4.  Defendant Regis Corporation is a Minnesota Corporation doing business in California under such names as Supercuts, Pro-Cuts, MasterCuts, CostCutters, Regis Salons, Trade Secret, SmartStyle, Carlton Hair International, Mia & Maxx Hair Studio, Hair Crafters, Great Expectations, We Care Hair, HairMasters, Vidal Sassoon, Blaine Beauty School. Defendant is a for profit corporation that, according to its own website, is the market leader in the hair salon industry and is a multibillion dollar enterprise and the world's largest company in the salon industry with over 10,000 salons in North America.

5.  Plaintiff and all others similarly situated are, and at all relevant times were employed by Defendant Regis Corporation to perform cosmetic services, including but not limited to, hair cutting and hair styling.

6. Defendant pays their employees based upon a fluctuating work week and does not pay these employees the correct overtime compensation as required by applicable state law, even though these employees work more than forty (40) hours a week and more than eight (8) hours a day. Defendant has failed to pay over 100 production workers the correct overtime rate in violation of Labor Code § 1194.

7. Defendant pays Plaintiff and all others similarly situated with checks issued by an out of state bank with no in state address for presentation and no provision for negotiating such pay check in California at no cost in violation of Labor Code Section 212. See Exhibit A attached hereto, which is a true and correct copy of a paycheck issued by Defendant's bank, La Salle National Bank.

8. Plaintiff and the class routinely work providing cosmetic services in excess of 8 hours per day without any paid 10 minute break.

9. Employers are required by statute to provide employees with meal breaks in accordance with the number of hours worked. Specifically, employers are to provide employees with a meal break of 30 minutes for a work period of more than five (5) hours with a second 30 minute meal break afforded them after a working period in excess of ten (10) hours. As employees of Defendant, Plaintiff and the members of the class routinely work and have worked 10 hours or longer per day each day.

10. California Labor Code § 1198 states: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

11. Section 12 of the Order 9 of the Industrial Wage Commission (8 CCR 11090(12)) states:

> Rest Periods:
>
> (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

12. If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

13. Despite the legally mandated meal breaks afforded to employees when working more than five (or ten) hours, Defendant follows, and followed, a practice of failing to schedule the required meal periods for Plaintiff and members of the class. Defendant further followed the practice of refusing to permit Plaintiff and members of the class to take meal periods of their own accord.

14. In addition, California Labor Code § 558 states:

> (a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:    (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.    (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to

recover underpaid wages.    (3) Wages recovered pursuant to this
section shall be paid to the affected employee.    (b) If upon
inspection or investigation the Labor Commissioner determines that a
person had paid or caused to be paid a wage for overtime work in
violation of any provision of this chapter, or any provision regulating
hours and days of work in any order of the Industrial Welfare
Commission, the Labor Commissioner may issue a citation.    The
procedures for issuing, contesting, and enforcing judgments for
citations or civil penalties issued by the Labor Commissioner for a
violation of this chapter shall be the same as those set out in Section
1197.1.    (c) The civil penalties provided for in this section are in
addition to any other civil or criminal penalty provided by law.

15. Defendant's practice and policy of failing to schedule meal periods for employees,

in conjunction with Defendant's practice and policy of refusing to permit employees to

take such meal periods and rest periods, has the result of Plaintiff and members of the class

working through both meal and rest periods.

16. Unless otherwise alleged in this complaint, Plaintiff is informed and believes, and on

the basis of that information and belief alleges, that at all times mentioned in this Complaint,

Defendant was the agent and employees of their Co-Defendants, and in doing the things

alleged in this Complaint were acting within the course and scope of that agency and

employment.

17. Plaintiff does not know the true names of Defendants DOES 1 through 50, inclusive,

and therefore, sues them by those fictitious names.

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action on her own behalf, on behalf of the class of all persons

similarly situated, the general public and all aggrieved employees employed by Defendant.

19. Initially, Plaintiff seeks to represent a class under CAL. BUS. & PROF. CODE § 17200

of all employees of Defendants performing cosmetic services, including but not limited to,

hair cutting and hair styling who were subject to Defendants' illegal policies of paying an

incorrect overtime compensation rate and/or failing to pay overtime compensation, not providing meal and rest periods, and issuing paychecks by an out of state bank with no address for presentation at no cost.

20. During all times relevant herein, Defendants incorrectly classified the jobs performed by class members as exempt employees, not entitled to overtime compensation under law.

21. The class consists of at least one hundred (100) employees, and likely more, which is so numerous that the joinder of each member of the class is impracticable.

22. There is a well-defined community of interest in the questions of law and fact affecting the class Plaintiff seeks to represent.     The class members' claims against Defendants involve questions of common or general interest, in that their claims are based on Defendants' implementation and utilization of policy pursuant to which all members of the class were denied payment of the correct overtime compensation rate during the years in question, were subject to paychecks issued by Defendant by an out of state bank with no in state address for presentation and were denied meal and rest periods.  These questions are such that proof of a statement of facts common to the members of the class will entitle each member of the class to the relief requested in this Complaint.

23. Plaintiff will fairly and adequately represent the interests of the class, because the Plaintiff is a member of the class and the claim of Plaintiff is typical of those in the class.

24. Plaintiff requests permission to amend the complaint to include additional class representatives if Plaintiff is deemed not to be an adequate representative of the class.

### FIRST CAUSE OF ACTION
#### (Failure To Pay Overtime Compensation)

25. Defendants employed Plaintiff and all members of the Plaintiff class under a contract of employment that was partly written, partly oral, and partly implied.

26. At all relevant times, Plaintiff and all members of the Plaintiff class were regularly required to work in excess of eight hours (8) during the workday and in excess of forty (40) hours during the workweek.

27. Plaintiff and members of the Plaintiff class did not supervise or manage any people nor were they engaged more than fifty-percent (50%) of the time in work which involved business policies or overall operation of their employer's or their employer's customers' business. Plaintiff and Plaintiff class members were not exempt as professionals from the requirement of overtime compensation.

28. Plaintiff and Plaintiff class members were engaged in production, and were thus not entitled to the exemption for administrative personal.

29. CAL. LAB. CODE § 552 further provides "No employer of labor shall cause his employees to work more than six days in seven."

30. Despite the fact that Plaintiff and members of the Plaintiff class routinely worked hours for which they should have received overtime premium, Defendant routinely failed and refused to pay such overtime premiums and/or failed to pay the correct overtime rate. In addition, Defendants routinely required Plaintiff and members of the Plaintiff class to work more than six days in seven without overtime or other additional compensation.

31. Defendant's conduct described in this Complaint violates the provisions of CAL. LAB. CODE § 1198.

32. Through the above-described period, Defendants paid Plaintiff and Plaintiff class members based on a fluctuating work week and did not pay Plaintiff and Plaintiff class members the correct overtime rate.

33. Defendants' conduct described in this Complaint constitutes an unlawful business practice in violation of the provisions of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

## SECOND CAUSE OF ACTION

### (CALIFORNIA LABOR CODE § 226.7 – FAILURE TO PROVIDE REST PERIODS)

34. Plaintiff hereby incorporates each and every allegation contained above, and realleges said allegations as if fully set forth herein.

35. California Labor Code §226.7 requires an employer to pay an additional hour (1) of premium pay compensation for each rest period the employer fails to provide. Employees are entitled to a paid ten (10) minute rest break for every four (4) hours worked or major fraction thereof. Plaintiff and the class consistently worked over four (4) hours per shift with no rest breaks.

36. By failing to provide a rest period without any work or duties for each employee performing cosmetic services who worked more than three and one half hours or more per day, Defendant has violated the provisions of California Labor Code § 226.7.

37. Therefore, Plaintiff and Plaintiff class members pray for restitution under Labor Code § 226.7, and breach of statute, but not as a Civil Penalty, which would otherwise be paid to the State of California, in the amount of an additional one (1) hour of premium pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

38. Additionally, Plaintiff and Plaintiff class members pray for the civil penalty of one hundred dollars ($ 100) for each aggrieved employee within the class per pay period for the initial violation and two hundred dollars ($ 200) for each aggrieved employee within the

class per pay period for each subsequent violation as provided for in California Labor Code § 2699(e)(2).

## THIRD CAUSE OF ACTION

### (CALIFORNIA LABOR CODE § 226.7 – FAILURE TO PROVIDE MEAL PERIODS)

39. Plaintiff hereby incorporates each and every allegation contained above, and realleges said allegations as if fully set forth herein.

40. California Labor Code § 512 requires that every employer in the state of California must provide its employees with one meal period of at least 30 minutes when such employees work more than 5 hours in any given workday. California Labor Code § 512 further provides that when an employee works more than 10 hours in any given workday, his or her employer must provide him or her with at least two 30-minute meal periods.

41. California Labor Code § 226.7 requires an employer to pay an additional hour of premium pay compensation for each meal period the employer fails to provide. Employees are entitled to a meal period of at least thirty (30) minutes per five (5) hour work period. Plaintiff and the class consistently worked over five (5) and/or ten (10) hour shifts. Pursuant to the Code, plaintiff and the class are entitled to a meal period of not less than thirty (30) minutes prior to exceeding each five (5) hours of employment.

42. Defendant failed to provide Plaintiff and Plaintiff class members with timely meal breaks of not less than thirty (30) minutes as required by the Labor Code during the relevant class period.

43. Pursuant to California Labor Code § 226.7, Plaintiff and Plaintiff class members are entitled to damages in an amount equal to one (1) hour of premium pay wages per missed meal break, in a sum to be proven at trial.

## FOURTH CAUSE OF ACTION

### (SECTION 12 OF THE IWC ORDER 9, (8 CCR 11090(12))

44. Plaintiff hereby incorporates each and every allegation contained above, and realleges said allegations as if fully set forth herein.

45. By failing to provide a rest period without any work or duties for employee performing cosmetic services who worked more than three and one half hours per day or more, Defendant has violated the provisions of Section 12 of the Order of the Industrial Wage Commission regulating the hours of work.

46. Therefore, Plaintiff and Plaintiff class members pray for restitution, and breach of statute, but not as a Civil Penalty, which would otherwise be paid to the State of California, in the amount of one additional hour of premium pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided pursuant to Section 12 of Order 9 of the Industrial Wage Commission plus, an additional fifty dollars ($50) for each class member for the first pay period for which the employee was not given a proper rest break, and an additional one hundred dollars ($100) for each class member for each subsequent pay period for which the employee was not given a proper rest break, in addition to all other penalties allowed by law pursuant to California Labor Code § 558.

47. In addition, Plaintiff and Plaintiff class members pray for the civil penalty of one hundred dollars ($ 100) for each aggrieved employee within the class per pay period for the initial violation and two hundred dollars ($ 200) for each aggrieved employee within the class per pay period for each subsequent violation as provided for in California Labor Code § 2699(e)(2).

## FIFTH CAUSE OF ACTION

### (Issuance of Out of State Paychecks under CAL. LAB. CODE § 212)

48. Plaintiff hereby incorporates each and every allegation contained above, and realleges said allegations as if fully set forth herein.

49. CAL. LAB. CODE § states:

> (a) No person, or agent or officer thereof, shall issue in payment of wages due, or to become due, or as an advance on wages to be earned:
> (1) Any order, check, draft, note, memorandum, or other acknowledgment of indebtedness, unless it is negotiable and payable in cash, on demand, without discount, at some established place of business in the state, the name and address of which must appear on the instrument, and at the time of its issuance and for a reasonable time thereafter, which must be at least 30 days, the maker or drawer has sufficient funds in, or credit, arrangement, or understanding with the drawee for its payment.
> (2) Any scrip, coupon, cards, or other thing redeemable, in merchandise or purporting to be payable or redeemable otherwise than in money.
> (b) Where an instrument mentioned in subdivision (a) is protested or dishonored, the notice or memorandum of protest or dishonor is admissible as proof of presentation, nonpayment and protest and is presumptive evidence of knowledge of insufficiency of funds or credit with the drawee.
> (c) Notwithstanding paragraph (1) of subdivision (a), if the drawee is a bank, the bank's address need not appear on the instrument and, in that case, the instrument shall be negotiable and payable in cash, on demand, without discount, at any place of business of the drawee chosen by the person entitled to enforce the instrument.

50. By issuing Plaintiff and Plaintiff class members paychecks issued from an out of state bank that Plaintiff and Plaintiff class members are unable to negotiate without discount, Defendant has violated the provisions of Labor Code Section 212.

## SIXTH CAUSE OF ACTION
### (Waiting Penalties under CAL. LAB. CODE § 203)

51. Plaintiff herein repeats and re-alleges each and every paragraph above as though fully set forth herein.

52. CAL. LAB. CODE § 203 states, in part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

53. All class members who terminated employment without being paid the proper overtime payments are entitled to 30 days of full pay as waiting penalties.

54. Therefore, Plaintiff and members of the Plaintiff class demand payment of waiting penalties for class members who terminated employment without being paid the proper overtime payments.

## SEVENTH CAUSE OF ACTION

(Labor Code Private Attorneys General Act of 2004)

54. Plaintiff herein repeats and re-alleges each and every paragraph above as though fully set forth herein.

55. CAL. LAB. CODE § 2699 (a), also known as the Labor Code Private Attorneys General Act of 2004, states:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

56.     Plaintiff is an "aggrieved employee" as that term is defined in the Labor Code

Private Attorneys General Act of 2004 because she is a person who was employed by the

alleged violator and against whom one or more of the alleged violations was committed.

57.     Plaintiff therefore brings this action on behalf of herself and other current and

former employees of Regis Corporation performing work as cosmetologist (hairstylists).

58.     CAL. LAB. CODE § 558 provides that:

> Any employer or other person acting on behalf of an employer who
> violates, or causes to be violated, a section of this chapter or any
> provision regulating hours and days of work in any order of the
> Industrial Welfare Commission shall be subject to a civil penalty as
> follows:     (1) For any initial violation, fifty dollars ($50) for each
> underpaid employee for each pay period for which the employee was
> underpaid in addition to an amount sufficient to recover underpaid
> wages. (2) For each subsequent violation, one hundred dollars ($100)
> for each underpaid employee for each pay period for which the
> employee was underpaid in addition to an amount sufficient to recover
> underpaid wages.   (3) Wages recovered pursuant to this section shall
> be paid to the affected employee.

59.     The term "this Chapter" in CAL. LAB. CODE § 558 includes CAL. LAB. CODE §

510.

60.     CAL. LAB. CODE § 558 (c) states that "The civil penalties provided for in this

section are in addition to any other civil or criminal penalty provided by law."

61.     CAL. LAB. CODE § 1197.1 (a)  states the civil penalty for violation of the

overtime provisions of the Orders of the California Industrial Wage Commission as follows:

> Any employer or other person acting either individually or as an
> officer, agent, or employee of another person, who pays or causes to
> be paid to any employee a wage less than the minimum fixed by an
> order of the commission shall be subject to a civil penalty as follows:
> (1) For any initial violation that is intentionally committed, one
> hundred dollars ($100) for each underpaid employee for each pay
> period for which the employee is underpaid.   (2) For each subsequent
> violation for the same specific offense, two hundred fifty dollars
> ($250) for each underpaid employee for each pay period for which the

employee is underpaid regardless of whether the initial violation is intentionally committed.

62.   CAL. LAB. CODE § 1197.1 (f) further states:

Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs.  Nothing in this section shall operate to limit an employee's right to pursue other remedies available under state or federal law, either separately or concurrently with an action taken under this section.

63.   By the conduct described above, Defendant has violated the provisions of Section 510 of the Labor Code and the Orders of the Industrial Welfare Commission relating to the payment of overtime compensation.

64.   Therefore, Plaintiff demands payment at the rate specified in CAL. LAB. CODE § 558 plus the rate specified in CAL. LAB. CODE § 1197.1 for all current or former employees whom are due overtime payments.

## EIGHTH CAUSE OF ACTION
(CAL. BUS. & PROF. CODE § 17200)

65.   Plaintiff herein repeats and re-alleges each and every paragraph above as though fully set forth herein.

66.   At all times relevant herein, Defendant has violated the above cited provisions of the CAL. LAB. CODE and the applicable IWC Order.

67.   In addition, Defendant has repeatedly misrepresented to the members of the plaintiff class that they were exempt from coverage of the above-cited IWC Order and/or the California Overtime law and that they were thus not entitled to receive premium overtime compensation.  This representation was false and fraudulent and designed to prevent Plaintiff from pursuing their legal remedies.

68.     Defendant's conduct described above in this Complaint constitutes an unlawful business practice in violation of the provisions of CAL. BUS. & PROF. CODE §§17200, *et seq*.

69.     Therefore, Plaintiff demands restitution at the rate specified above for all hours worked overtime.

WHEREFORE, Plaintiff demands judgment against Defendants as hereinafter set forth.

1.      For payment of overtime compensation to Plaintiff and Plaintiff class members at the rate specified in CAL. LAB. CODE §§ 510 (a) and/or 3(A) (1), "Daily Overtime - General Provisions" of the applicable orders of the Industrial Welfare Commission for all hours worked overtime according to proof;

2.      For an injunction to prohibit Defendants from not paying correct overtime rates due under law for all Plaintiff class members;

3.      For interest on the unpaid balance of overtime compensation owed to Plaintiff and Plaintiff class members at the statutory rate;

4.      For restitution and penalties for issuance of out of state paychecks;

5.      For restitution and penalties for failure to provide meal and rest periods pursuant to Section 12 of the IWC Order 9;

6.      For payment of Civil Penalties pursuant to the Labor Code Private Attorneys General Act of 2004 at the rate specified in Labor Code Section 558 plus the rate specified in Labor Code Section 1197.1 for all current or former

employees whom are due overtime payments within the applicable statute of limitations;

7.    For Waiting Penalties on behalf of all employees who were terminated without proper overtime compensation;

8.    For reasonable attorney fees;

9.    For costs of this suit; and

10.    For any other and further relief that the court deems just and proper.

Dated this 2nd day of December, 2005

THIERMAN LAW FIRM

By: _____

Mark R. Thierman
Attorney for Plaintiff

# EXHIBIT A

**SUPERCUTS**

7201 METRO BOULEVARD

MINNEAPOLIS, MN 55439

| SALON | SOCIAL SECURITY NO. | PERIOD ENDING | TOTAL HRS | REG. | O.T. | SERVICE SALE | MDSE. SALE | CHECK NO. |
|-------|---------------------|---------------|-----------|------|------|--------------|------------|-----------|
| 9080 | 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 | 1/15/2005 | 5.9 | 5.9 | | 164.00 | | 1258192 |

| DESCRIPTION | EARNINGS | TAX DEDUCTIONS | AMOUNT | YTD | OTHER DEDUCTIONS | AMOUNT |
|-------------|----------|----------------|--------|-----|------------------|--------|
| SALARY | 66.26 | FEDERAL WH | .15 | 143.30 | TIPS | 2.00 |
| TIPS | 2.00 | FICA WH | .15 | 96.58 | | |
| MEDICAL INS | 66.26 | STATE WH | | 28.69 | | |
| DENTAL INS | | SDI WH | | 13.61 | | |

| | GROSS EARNINGS | | | TAXES WITHHELD | | TOTAL OTHER DEDUCTIONS | |
|---|---|---|---|---|---|---|---|
| **CURRENT PERIOD** | 2.00 | | | | | 2.00 | **NET EARNINGS** |
| YEAR TO DATE | 1,262.53 | | | 282.18 | | | .00 |

**SUPERCUTS**

1258192

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   CHECK NO. 1258192   DATE: 1/26/2005

AMOUNT

VOID   *******.00

**SUPERCUTS**

AUTHORIZED SIGNATURE

⑈1258192⑈ ⑆071923022⑈ 559⑈000848⑈7⑈