<div style="float:left">United States District Court<br>For the Northern District of California</div>

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIANA SOLIS,<br><br>    Plaintiff,<br><br>  v.<br><br>THE REGIS CORPORATION, et al.,<br><br>    Defendants.<br>_____ / | No. C 05-03039 CRB<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |

    Plaintiff filed this California Labor Code putative class action in state court on behalf of the employees of various hair salons purportedly owned and managed by defendant The Regis Corporation. Defendants removed the lawsuit to this Court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. section 1332(d)(2).

    The Second Amended Complaint included eight causes of action: (1) failure to pay overtime in violation of the California Labor Code; (2) failure to provide rest periods in violation of Labor Code section 226.7; (3) failure to provide meal periods in violation of California Labor Code section 226.7; (4) a claim pursuant to Section 12 of the Industrial Wage Commission Order 9; (5) issuing out-of-state paychecks in violation of Labor Code section 212; (6) waiting penalties pursuant to Labor Code section 203; (7) Labor Code Private Attorneys General Act of 2004; and (8) Business and Professions Code section 17200.

Now that plaintiff has conducted some discovery, she seeks to file a Third Amended Complaint. She characterizes her amendments as follows: (1) adding Supercuts Corporate Shops, Inc. as a defendant; (2) excluding certain entities that defense counsel represents do not perform services in California; (3) including defendant Regis Corporation as a violator of Labor Code section 212; (4) adding a claim for violation of Labor Code section 226; and (5) limiting the overtime claim to Supercuts employees. Although not stated by plaintiff in her motion, her Third Amended Complaint also eliminates her rest and meal period claims.

Defendants do not object to plaintiff's proposed amendments with two exceptions. First, they note that as defendant Regis was a defendant to the Labor Code section 212 claim in the Second Amended Complaint, they do not understand how the Third Amended Complaint changes anything. Plaintiff, unfortunately, did not file a reply to defendants' opposition so the Court is left to surmise what plaintiff intends. In any event, the allegations of plaintiff's section 212 claim for relief in the Third Amended Complaint are different from those in the Second Amended Complaint, and defendants have not raised any objections to the new allegations, so the new allegations shall be allowed.

Defendants do object to plaintiff's proposed addition of a claim for intentional failure to disclose piece rates in violation of Labor Code section 226 on the ground that such claim is futile. Defendants have not proved as a matter of law that the proposed claim is substantively flawed; they are essentially asking the Court to make a summary judgment ruling on a motion to amend. Nor have defendants shown that the claim is barred by the statute of limitations as a matter of law.

Accordingly, plaintiff's motion to amend is **GRANTED** without prejudice to defendants filing a motion to dismiss, provided defendants can file such a motion consistent with the rules governing Rule 12(b)(6) motions. Plaintiff shall file her Third Amended Complaint within five days of the filing of this Order. **The Complaint shall identify the specific defendant(s) sued on each cause of action.** For example, plaintiff states that Regis is a defendant on the Labor Code section 212 claim only (Third Cause of Action); the Third Amended Complaint, however, does not make this distinction.

2

In addition, plaintiff shall make the Third Amended Complaint consistent with her arguments in connection with summary judgment. For example, her summary judgment opposition suggests she is seeking section 212 penalties pursuant to the Labor Code Private Attorneys General Act of 2004; yet, her proposed Third Amended Complaint limits the Private Attorneys General Act cause of action to overtime penalties.

**IT IS SO ORDERED.**

Dated: May 15, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE