IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIANA SOLIS,<br><br>    Plaintiff,<br><br>  v.<br><br>THE REGIS CORPORATION, et al.,<br><br>    Defendants.<br>_____/ | No. C 05-03039 CRB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT** |

    Plaintiff filed this California Labor Code putative class action in state court on behalf of the employees of various hair salons purportedly owned and managed by defendant The Regis Corporation ("Regis"). Plaintiff also named various subsidiaries and divisions of Regis as defendants. Defendants removed the lawsuit to this Court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. section 1332(d)(2). By Order filed May 15, 2006, the Court granted plaintiff leave to file a Third Amended Complaint.

    Now pending before the Court is defendants' motion for summary judgment. Defendants claim that all defendants, except Supercuts Corporate Shops, Inc. and Supercuts, Inc. (together "Supercuts") are entitled to summary judgment because they did not employ plaintiff. Plaintiffs' Third Amended Complaint moots many of defendants' arguments. After carefully considering the parties' papers on the remaining issues, the Court concludes that oral argument is unnecessary. See Local Rule 7-1(b).

## BACKGROUND

Defendants did not have the benefit of plaintiff's Third Amended Complaint when they filed their motion for summary judgment. The Third Amended Complaint makes three legal claims. First, that defendant Regis violated Labor Code section 212 by issuing pay checks from out-of-state banks. Second, that Supercuts failed to pay plaintiff proper overtime. Third, that Supercuts failed to make certain disclosures to their employees in violation of California Labor Code section 226. Regis is a defendant only on the Third Cause of Action for violation of Labor Code section 212. Thus, the primary issue before the Court is whether Regis is entitled to summary judgment on the section 212 claim. A second issue is whether the non-Supercuts subsidiaries who appear in the caption of the Third Amended Complaint but are not otherwise discussed are entitled to summary judgment.

## SUMMARY JUDGMENT STANDARD

A principal purpose of the summary judgment procedure is to isolate and dispose of factually unsupported claims. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). A party moving for summary judgment that does not have the ultimate burden of persuasion at trial (her, Regis) has the initial burden of producing evidence negating an essential element of the non-moving party's claims *or* showing that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. See Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party does not satisfy its initial burden, the non-moving party has no obligation to produce anything and summary judgment must be denied. If, on the other hand, the moving party has satisfied its initial burden of production, then the non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial. See id. A genuine issue of fact is one that could reasonably be resolved in favor of either party. A dispute is "material" only if it could affect the outcome of the suit under the governing law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

//

# DISCUSSION

**A.     Regis and the Section 212 Claim**

Regis moves for summary judgment on the Labor Code section 212 claim on the ground that since Supercuts, and not Regis, was plaintiff's employer, Regis is not liable to plaintiff.

Labor Code section 212 provides in relevant part: that "[n]o person, or agent or officer thereof, shall issue in payments of wages due . . . (1) Any order, check . . . unless it is negotiable and payable in cash, on demand, without discount, at some established place of business in the state, the name and address of which must appear on the instrument." Cal. Lab. Code § 212(a)(1). The question, then, is not whether Regis employed plaintiff, but rather whether it issued her paychecks which could not be cashed in California without discount.

It is undisputed that plaintiff's Supercuts paychecks were drawn on an out-of-state bank and that there was no indication on the checks themselves or in the pay envelope of where plaintiff could cash the check without charge. Declaration of Liliana Solis in Support of Motion for Class Certification at ¶ 9. Nor is there any dispute that at times plaintiff had to pay a fee to cash her paycheck. Id. at ¶ 10. Thus, a reasonable jury could find that plaintiff's paychecks violated Labor Code section 212.

A reasonable jury could also find that Regis is a "person" or "agent" that issued plaintiff's paychecks. Supercuts' Chief Executive Officer ("CEO") Viki Langan testified that "Regis is writing the payroll checks for Supercuts." Plaintiff's Statement of Undisputed Facts, Exhibit A, p. 58 ll.16-18. She further testified that the payroll is generated by Regis. Id. at p. 54 ll.15-21. Finally, the Supercuts' paychecks are signed by the Regis CEO. Id. at p. 55 ll. 17-25. Further, plaintiff's Supercuts' W-2 Form identifies Regis as the employer issuing the W-2 form. At a minimum, these facts give rise to a genuine dispute as to whether Regis, as Supercuts' agent, issued plaintiff's paychecks.

Regis does not seriously dispute the above analysis; instead, it contends that because Regis is not plaintiff's employer she has no standing to sue it for violation of section 212.

3

The cases Regis cites do not support its contention. The plain language of section 212 makes it illegal for a person or agent--not just an employer--to issue paychecks that cannot be cashed without a fee. To accept Regis's argument the Court would have to read "person" and "agent" as being limited to "employer." The Court declines to do so.

Regis also argues that it is entitled to summary judgment because Supercuts is a defendant in this action. Again, Regis does not cite any law to support its argument. Nothing in section 212 so limits its reach. Accordingly, Regis's motion for summary judgment must be denied.

**B.     The Non-Supercuts Defendants**

The caption of the Third Amended Complaint includes several non-Supercuts Regis subsidiaries. As the allegations of the Complaint do not state a claim against these subsidiaries, summary judgment in favor of these subsidiaries must be granted. All future pleadings should omit these defendants from the caption. Whether the section 212 claim should include in the class subsidiary employees to whom Regis issued out-of-state paychecks is a class certification issue.

## CONCLUSION

For the foregoing reasons, Regis's motion for summary judgment is DENIED; however, the motion for summary judgment of the non-Supercuts' subsidiaries is GRANTED.

**IT IS SO ORDERED.**

Dated: June 2, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE