**United States District Court**
For the Northern District of California

1

2

3

4

5            IN THE UNITED STATES DISTRICT COURT

6            FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   LILIANA SOLIS, on behalf of herself, the          No. C05-3039 CRB (EDL)
    general public and as an "aggrieved employee"
9   under the California Labor Code Private
    Attorneys General Act,                            [PROPOSED]  ORDER GRANTING IN
10                                                     PART AND DENYING IN PART
                    Plaintiff,                         DEFENDANT'S MOTION TO QUASH
11                                                     SUBPOENA TO LA SALLE BANK, AS
         v.                                            MODIFIED
12
    REGIS CORPORATION and each of its
13  subsidiaries doing business in California under
    such names as Supercuts, Pro-Cuts, MasterCuts,
14  CostCutters, Regis Salons, Trade Secret,
    SmartStyle, Carlton Hair International, Mia &
15  Maxx Hair Studio, First Choice Haircutters,
    Magicuts, City Looks, Hair Crafters, Great
16  Expectations, We Care Hair, Style America, Best
    Cuts, HairMasters, Saturday's, BoRics, Jean
17  Louis David, Coiff & Co., Intermede, Vidal
    Sassoon, Blaine Beauty School and Saint Algue,
18  and DOES 1-50,

19                  Defendant.
    _____/
20

21       Defendant's motion to quash Plaintiff's subpoena to La Salle National Bank came on for

22  hearing on April 11, 2007 at 9:00 a.m. in Courtroom E, 15th floor, of the above-entitled Court,

23  Magistrate Judge Elizabeth Laporte presiding.  Catherine M. Dacre appeared on behalf of Defendant

24  Regis Corporation and Mark Thierman appeared telephonically on behalf of Plaintiff.

25  Having considered all materials filed in support of and in opposition to this motion, and oral

26  argument having been heard, the Court orders as follows:

27       Defendant's motion to quash Plaintiff's subpoena to La Salle National Bank is GRANTED

28  without prejudice as to the following items at issue in the subpoena:

1.     Documents from the Supercuts payroll account (#5590008487) regarding/reflecting the profitability of the account within the time frame of June 22, 2001 to the present;

2.     Documents from the Supercuts payroll account (#5590008487) regarding/reflecting monthly service charges of the account within the time frame of June 22, 2001 to the present; and

5.     Documents from the Supercuts payroll account (#5590008487) regarding/reflecting the cost of operating the account within the time frame of June 22, 2001 to the present.

Defendant's motion to quash Plaintiff's subpoena to La Salle National Bank is DENIED as to the remaining items at issue in the subpoena. However, the subpoena is limited in scope to the time period of June 22, 2004 through July 31, 2005. This order pertains to the following items:

3.     Documents from the Supercuts payroll account (#5590008487) regarding/reflecting how long it specifically takes for checks to clear from that account within the time frame of June 22, 2004 through July 31, 2005;

4.     Documents from the Supercuts payroll account (#5590008487) of the front and back of all checks made payable to Liliana Solis within the time frame of June 22, 2004 through July 31, 2005; and

6.     Documents reflecting Supercuts' involvement with the LaSalle bank as officer, director or controlling shareholder within the time frame of June 22, 2004 through July 31, 2005.

The Court indicated at the hearing that, in the event that Plaintiff successfully amends the complaint to allege claims under Section 17200 of the California Business & Professions Code, documents dating back over a four-year period from the filing date would become relevant with respect to categories 3, 4 and 6. See Cal. Bus. & Prof. Code § 17208. The Court also indicated that if Plaintiff successfully amends, appropriately narrowed requests for categories 1, 2, and 5 would likely be relevant to any claim for restitution. The Court has advised the parties of its expectation that they will successfully meet and confer on these issues if the complaint is so amended.

In her April 16, 2007 letter to the Court, Plaintiff seeks reconsideration of the Court's Order

quashing the subpoena for documents relating to Defendant's profitability, contending that Defendant "may rely on California Labor Code 2699(e)(1) and (2) which provides [sic] relief from the standard penalty of $200 per incorrect check when under the 'facts and circumstances of the particular case, to do otherwise would result in an award that is unjust, arbitrary, and oppressive and confiscatory.'" Docket No. 213. Plaintiff did not raise this argument in her papers or at the hearing, and Defendant has not had an opportunity to respond. The parties shall meet and confer as to whether Defendant expects to seek such relief from the statutory penalty, and as to Plaintiff's argument about the relevance of profit derived from the prohibited act. If the parties do not resolve the matter, Defendant shall file an opposition to Plaintiff's letter brief, which is hereby construed as a motion for leave to file a motion for reconsideration, by April 30, 2007. See L.R. 7-9.

**IT IS SO ORDERED.**

Dated:   April 18, 2007

ELIZABETH D. LAPORTE
United States Magistrate Judge

**United States District Court**
For the Northern District of California