1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

**United States District Court**
**For the Northern District of California**

11   LILIANA SOLIS,                              No. C 05-03039 CRB

12            Plaintiff,                         **ORDER GRANTING IN PART AND**
                                                 **DENYING IN PART PLAINTIFF'S**
13       v.                                      **MOTION FOR LEAVE TO FILE**
                                                 **FOURTH AMENDED COMPLAINT**
14   THE  REGIS CORPORATION, et al.,

15            Defendants.
                                          /
16

17         Nearly two years ago plaintiff filed this California Labor Code putative class action in

18   state court on behalf of the employees of various hair salons owned and managed by

19   defendant The Regis Corporation.  Defendants removed the lawsuit to this Court pursuant to

20   the Class Action Fairness Act of 2005, 28 U.S.C. section 1332(d)(2).

21         The Third Amended Complaint contains three Causes of Action.  Two relate to the so-

22   called "Matrix" claim, that is, a claim that defendant Supercuts failed to properly calculate

23   and pay overtime wages.  The third seeks recovery against both Regis Corporation and

24   defendant Supercuts under Labor Code section 212 for issuance of payroll checks drawn on

25   an out-of-state bank.  By Memorandum and Order filed October 12, 2006, the Court granted

26   plaintiff's motion for class certification of the payroll checks class; however, the Court

27   denied plaintiff's motion for class certification of the Matrix claims on the ground that

28   plaintiff, Liliana Solis, is not an adequate and typical class representative.

1    Now pending before the Court is plaintiff's motion for leave to file a Fourth Amended

2  Complaint.  Plaintiff seeks to add Doris Miller as a plaintiff to serve as a representative for

3  the Matrix class.  Plaintiff also seeks to add a claim under Business & Professions Code

4  section 17200 in connection with the payroll check claim, and to add a claim under Labor

5  Code section 204 for failure to pay for all wages earned during the proper pay period.  After

6  considering the papers filed by the parties, and the record in this action, the Court concludes

7  that oral argument is unnecessary, see Local Rule 7-1(b), and GRANTS in part and DENIES

8  in part plaintiff's motion for leave to amend.

9                                          **DISCUSSION**

10    A party may amend its complaint once as a matter of course at any time before a

11  responsive pleading is served.  Otherwise, a party may amend the party's pleading only by

12  leave of court or by written consent of the adverse party; and leave shall be freely given *when*

13  *justice so requires.*  Fed. R. Civ. Pro. 15(a).  Leave to amend should be "freely granted"

14  unless the amendment would cause prejudice to the opposing party, is sought in bad faith,

15  creates undue delay or is futile.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  The court

16  should consider prejudice to the opposing party as the most important factor.  See Jackson v.

17  Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1989).

18    Justice requires that plaintiff be given leave to add Doris Miller as a plaintiff.  At the

19  class certification hearing plaintiff's counsel advised the Court and defendants that he had

20  identified a plaintiff who is adequate to represent the Matrix class; thus, the defense had

21  notice that plaintiff is not abandoning her Matrix claims.  The Court also finds that plaintiff

22  did not unduly delay bringing her motion to amend in light of the undisputed evidence that

23  the parties were engaged in settlement negotiations, even if such negotiations did not include

24  the Matrix claims.  Moreover, defendant did not bring a motion for summary judgment or to

25  dismiss the Matrix claims in the intervening months and thus is not unduly prejudiced by the

26  substitution.  The Court will not allow the addition of the new plaintiff to delay resolution of

27  this action; it will go to trial next year.

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    Defendant's reliance on <u>Alvarez v. May Department Stores Company</u>, 143

2    Cal.App.4th 1223 (2006) is unavailing.  There a trial court found that the class was not

3    certifiable on its merits; as a result, the appellate court held that a different plaintiff was

4    barred by res judicata from seeking certification of a class.  The court did not hold that once a

5    court finds a plaintiff cannot adequately represent a class, the plaintiff may not seek to

6    substitute an adequate representative.

7    Plaintiff did unduly delay in seeking to add an out-of-state payroll check section

8    17200 claim and a claim under Labor Code section 204.  Plaintiff contends that her delay in

9    adding the section 17200 claim was the "result of new rulings that were not available when

10   plaintiff filed her original complaint or her amendments."  Motion at 5.  In particular, she

11   cites the district court's September 2006 decision in <u>Fleming v. Dollar Tree Stores, Inc.</u>, 06-

12   03409 (N.D. Cal.).  In refusing to dismiss the section 17200 out-of-state payroll check claim,

13   the district court relied on a California Supreme Court decision from 2000, <u>Cortez v.</u>

14   <u>Purcolator Air Filtration Products Co.</u>, 23 Cal.4th 163, 178-79 (2000).  <u>Fleming</u> is not a

15   change in the law; it simply applied well-established law and is not an excuse for plaintiff's

16   inordinate delay.  In addition, plaintiff brought the <u>Fleming</u> court's decision to this Court's

17   attention on September 20, 2006, well before the commencement of any settlement

18   negotiations; plaintiff offers no explanation for her failure to wait more than seven months to

19   file a motion to add a section 17200/section 212 claim.  Moreover, allowing this late

20   amendment would prejudice defendants by greatly expanding the class period beyond what

21   was previously alleged in plaintiff's various complaints.

22   Plaintiff also offers no excuse for her nearly two-year delay in seeking to add a claim

23   under section 204.  To allow this new cause of action at this late date would prejudice

24   defendants who have proceeded under the assumption that the claims stated are the claims

25   made.

26                                                    **CONCLUSION**

27   Plaintiff's motion to add Doris Miller as a plaintiff is GRANTED.  In all other

28   respects plaintiff's motion for leave to amend is DENIED.  The Court shall hold a further

3

1  case management conference on June 15, 2007 at 8:30 a.m.  The parties shall submit a joint

2  case management conference statement which includes a schedule for resolution of this

3  matter, including a date for hearing plaintiff's class certification motion, a summary

4  judgment hearing date, and a trial date.

5      **IT IS SO ORDERED.**

6

7  Dated: May 15, 2007
            CHARLES  R. BREYER
            UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

G:\CRBALL\2005\3039\orderrefourthamendedcomplaint.wpd