IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIANA SOLIS,<br><br>    Plaintiff,<br><br>  v.<br><br>THE REGIS CORPORATION, et al.,<br><br>    Defendants.<br>_____/ | No. C 05-03039 CRB<br><br>**MEMORANDUM AND ORDER** |

Plaintiff moves for summary judgment of liability on her claim that defendants violated California Labor Code section 212 by paying its subsidiaries' employees with out-of-state checks. After carefully considering the parties' papers, and having had the benefit of oral argument, the Court finds that defendants violated section 212.

**BACKGROUND**

Several subsidiaries of the Regis Corporation operate chains of hair-cutting establishments and beauty parlors in California. Plaintiff worked for about one year at a Supercuts in Thousand Oaks, California. Payroll for all of the subsidiaries was processed by the parent corporation at a facility in Chicago. All paychecks for California employees of Regis subsidiaries were drawn on the same bank (LaSalle Bank, also in Chicago) until around the time this lawsuit was filed in 2005.

United States District Court
For the Northern District of California

Plaintiff experienced some difficulties cashing her paychecks while she worked for Supercuts. According to her declaration, on several occasions she had to pay a $5 to $6 fee for cashing her check. Defendants have submitted declarations from hundreds of employees who attest that they have never had to pay a fee to cash their check, or that they had never been notified by their bank that a hold was placed on their out-of-state paycheck. Some attest to one, but not the other. It is undisputed that under federal law banks may hold out-of-state checks for up to five days.

## DISCUSSION

**A.    Liability**

This case turns on statutory construction. California Labor Code section 212 provides:

> (a) No person, or agent or officer thereof, shall issue in payment of wages due, or to become due, . . .
>
> (1) Any . . . check . . . unless is it negotiable and payable in cash, <u>on demand, without discount, at some established place of business in the state, the name and address of which must appear on the instrument</u>, and at the time of its issuance and for a reasonable time thereafter, which must be at least 30 days, the maker or drawer has sufficient funds in, or credit, arrangement, or understanding with the drawee for its payment.

Labor Code § 212(a)(1) (emphasis added).

Here, it is undisputed that for the one year class period at issue defendants' checks *did not* have the "name and address" of a business in the state of California where the checks could be cashed on demand and without discount. Thus, at minimum, defendants violated this requirement of section 212.

Defendants nonetheless argue that liability attaches only for those class members who were actually injured by the out-of-state checks, that is, those class members whose checks were placed on hold or who had to pay a fee to cash their checks. As support for their

2

1  argument defendants cite to a section 212 penalty provision, California Labor Code section
2  225.5.  That penalty provision provides, in relevant part:

> In addition to, and entirely independent and apart from, any other penalty provided in this article, every person *who unlawfully withholds wages* due any employee in violation of Section 212, 216, 221, 222, or 223 shall be subject to a civil penalty as follows:
>
> (a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.
>
> (b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

Labor Code § 225.5 (emphasis added).  Defendants argue that, at least for those employees who did not pay a check cashing fee and did not have a hold placed on their checks, no "wages" were withheld and thus no penalty may be imposed.

Defendants' argument goes to the penalty to be imposed, not to liability, that is, to whether defendants violated the statute.  Regardless of whether a class member was injured, defendants violated the statute by paying employees with checks that did not provide the name and address of a California business that would cash the checks on demand and without discount.  Indeed, Labor Code section 22 defines "violation" as "a failure to comply with any requirement of the code."  Failing to give employees the address of a business in the state where they can cash their check violates a requirement of section 212.

Accordingly, plaintiff is entitled to summary judgment on the question of liability: defendants violated section 212based solely on the out-of-state checks.  In addition, plaintiff is entitled to summary judgment on her own claim that she paid a fee at times to cash her checks; such fee must be construed as a "discount."  Thus, as to the named plaintiff there is injury.

**B.    Penalty**

Although plaintiff's motion for summary judgment expressly states that she is seeking summary judgment of "liability," see Plaintiff's Motion at 1, 12, both plaintiff and defendants discuss the appropriate penalty, if any.  Accordingly, the Court will set forth its view of the law below.

### 1. Section 225.5

As is explained above, Labor Code section 225.5 provides a penalty for violations of section 212. Section 225.5, however, expressly provides penalties ($100 for initial violations, $200 for subsequent violations) for violating section 212 by "unlawfully withholding wages due." The first question, then, is whether "unlawfully withholding wages due" includes fees being paid or a hold being placed on a check. The Court concludes that it does; if an employee pays a fee to cash the employee's check, the employee is receiving less than she was owed. The "hold" is a closer question; it violates section 212's requirement that a check be paid "on demand," but it is less clear whether that means it involves the withholding of wages. In the Court's view, however, the wages are withheld for those days on which a hold is placed on the check because the employer used an out-of-state check. How much is withheld is a different question.

The more difficult question is whether defendants paying their employees with checks that do not identify a California business that will cash their paychecks without discount and on demand is--in and of itself--the "withholding of wages" within the meaning of section 225.5. Defendants persuasively argue that the Court must give meaning to the phrase in section 225.5 which imposes a penalty on one who "unlawfully withholds wages due;" if that term simply means "violates the statute" then the legislature could have imposed penalties on those who violated the statute. Instead, the legislature required something more: violating the statute through the withholding of wages. If an employee cashed the check without a fee or a hold nothing was withheld and the employee received all of her wages. Defendants' argument is supported by the fact that the other statutes to which the penalty provision of section 225.5 apply–sections 216, 221, 222, and 223–all involve the actual withholding of wages: 216 (willfully refuses to pay wages due); 221 (taking wages back); 222 (withholding of wages); 223 (requiring employees to pay the costs of pre-employment required health exams). Plaintiff cites nothing to support her argument that "unlawfully withholds wages due any employee" means any violation of section 212(a)(1), even if the employee still received her wages on demand and without discount. She just states that it does.

4

In sum, in this matter of apparent first impression, the mandatory penalties of section 225.5 are limited to violations of section 212 that involve the withholding of wages. If an employee cashed her check on demand and without fee there was no withholding of wages, even if the check was made on an out-of-state bank.

### 2. Section 2699

Plaintiff argues in the alternative that even if penalties are not available under section 225.5 for those who did not pay fees or have a hold placed on their checks, penalties are available under Labor Code section 2699 (the Private Attorneys General Act of 2004 "PAGA"). That statute provides:

> (a) Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.
>
> (f) For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows:
>
> (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

Plaintiff argues that in light of defendants' violation of section 212, and defendants' argument that section 225.5 does not apply to those who suffered no injury, "no specific penalty" is provided and therefore the Court should impose the penalties of section 2699(f). The Court used the word "should" because section 2699 states that the court "may award a lesser amount than the maximum civil penalty amount specified by this part if, based on the facts and circumstances of the particular case, to do otherwise would result in an award that is unjust, arbitrary and oppressive or confiscatory." Labor Code § 2699(e).

Defendants argue that Labor Code section 225.5 provides a specific penalty for section 212 violations; therefore section 2699(f) does not apply. Section 225.5, however,

5

provides a specific penalty for only those violations which involve the withholding of wages due any employee; as the Court explained above, and as urged by defendants, it does not provide a specific penalty for violations of section 212 that do not involve the withholding of wages. Thus, section 2699(f) applies.

## CONCLUSION

For the reasons explained above, plaintiff's motion for summary judgment on the issue of defendants' liability is GRANTED.

**IT IS SO ORDERED.**

Dated: December 10, 2007



CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2005\3039\orderresj2.wpd        6