**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIANA SOLIS,<br><br>    Plaintiff,<br><br>  v.<br><br>THE REGIS CORPORATION, et al.,<br><br>    Defendants.                              / | No. C 05-03039 CRB<br><br>**ORDER** |

This class action arises from defendants' having paid their Supercuts' employees with checks from out-of-state banks. Now pending before the Court is the parties' motion for preliminary approval of class action settlement. After carefully considering the settlement, the Court DENIES preliminary approval without prejudice.

**A.     The Class Period**

The Stipulation of Settlement and Notice both state that the class period is June 22, 2004 through July 11, 2005. See Stipulation p. 1; Notice p. 5. The payment on the section 212 claim ($8.55) per check, however, is paid for all checks issued from June 22, *2002* through July 11, 2005. Stipulation p. 5; Notice p. 5 ¶ 11. Plaintiff's moving papers do not explain this discrepancy.

//

//

**B.     The Explanation of the Lawsuit in the Notice**

The explanation of the lawsuit in the Class Notice is incorrect. It states: "The Court has made no ruling on the merits of Plaintiffs [sic] claims or Defendants' defenses." Notice at p. 3. On December 10, 2007, the Court granted plaintiff's motion for summary judgment of liability on the section 212 out-of -state check claim. Docket No. 258. Accordingly, the Notice does not provide the class with an accurate description of the legal proceedings.

**C.     Notice to the Class**

The class members are primarily low-wage earners. For those class members who are no longer employed by Supercuts, common sense dictates that many, if not most, of the class members will not still be residing at the address which is listed in Supercuts' records. Given that the class period ends in July 2005–nearly four years ago–a significant percentage of the class is probably no longer employed by Supercuts.

The settlement requires defendants to provide the claims administrator with a database that contains the last known (presumably to Supercuts) name, mailing address, social security number, and start and end date of employment for each of the 1,474 class members. Stipulation at p. 9. The class administrator will mail the notices to the address in Supercuts' database, and for those notices that are returned to the claims administrator as undeliverable, the claims administrator will "perform one address follow up on returned mail" and remail the notice to an updated address, if any. The claims administrator will search for an updated address using the social security number.

The Court's concern is that if someone has moved the notice will not necessarily be returned to the claims administrator as undeliverable. Simply because mail has not been returned as undeliverable does not mean that it was delivered to the class member. Accordingly, in the Court's view it would make more sense, and provide for more effective service, for the claims administrator to verify the addresses in Supercuts' database before the initial mailing, at least for those class members who are no longer employed by Supercuts. The parties' submission also does not explain why notice does not include posting the notice

2

at the affected Supercuts stores, such as in an employee break room, and/or making information available on the Internet.

**D.   Claims Administrator Report**

In addition to the information required on pages 9-10 of the Stipulation, the claims administrator should be required to report to the Court the entire amount paid out, excluding any amounts returned to defendant for voided checks.

**E.   Further CMC**

The parties are directed to appear for a further Case Management Conference at 8:30 a.m. on April 3, 2009 or, if they have a revised settlement for the Court's approval, they may notice a motion for preliminary approval for that date at 10:00 a.m. Such motion shall be filed on or before March 27, 2009.

**IT IS SO ORDERED.**

Dated: March 13, 2009



CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2005\3039\orderrepreliminaryapproval.wpd   3